■ In the Matter of AMBER VV. and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SCOTT OO., Appellant. JEFFREY VV., Appellant. [797 NYS2d 144]—

Mugglin, J. Appeal from an order of the Family Court of St.

Lawrence County (Potter, J.), entered June 17, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected by respondent.

As the result of petitions filed in November 2002 by petitioner, the three children who are the subject of these proceedings—Amber VV. (born in 1986), Daniel VV. (born in 1987) and Michael VV. (born in 1989)—were adjudicated, on consent, to be neglected by their parents, Jeffrey VV. (hereinafter the father) and Patricia OO. (hereinafter the mother). A dispositional order dated September 3, 2003, as germane hereto, placed Daniel in the custodial care of the mother, subject to supervision by petitioner. On August 22, 2003, petitioner charged respondent, the children's stepfather, with neglect of Amber and derivative neglect of Daniel and Michael. Following an evidentiary hearing, respondent was found to have neglected the three children. Respondent appeals, conceding neglect of Amber but contesting the determination that he derivatively neglected Daniel and Michael. Based on respondent's adjudication of neglect of Daniel, the father sought modification of the September 3, 2003 dispositional order requesting that he be granted custody of Daniel. This request was denied by Family Court and the father also appeals.

First, with respect to the derivative neglect finding, respondent's concession results from his having furnished to and smoked marihuana with Amber several times a week from June 2002 to July 2003. He contends, however, that since this never occurred in the presence of Daniel or Michael, a derivative neglect finding is inappropriate.

Furnishing to and smoking marihuana with a child "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care" (*Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]). Because Daniel was continuously a member of respondent's household and because he is particularly vulnerable due to his cerebral palsy and his school classification of mental retardation, we concur in Family Court's determination that respondent derivatively neglected Daniel. Michael, however, was not in respondent's care because, except for 23 days, he either briefly lived with his father, was in foster care or was confined to the St. Lawrence Psychiatric Center. Thus, there is insufficient evidence in this record to support a finding of derivative neglect as to him.

Respondent also claims that Family Court failed to state the grounds for the derivative neglect finding (*see* Family Ct Act

§ 1051). While failure to comply with this statute is error, reversal is unnecessary where, as here, the record amply supports Family Court's ultimate finding (*see Matter of Aishia O.*, 284 AD2d 581, 584 [2001]; *Matter of Anita U.*, 185 AD2d 378, 379 [1992]).

We next address the father's appeal from Family Court's refusal to transfer custody of Daniel to him. The father points to respondent's conduct and his adjudication as a neglectful parent as the single basis for transfer of custody. To obtain modification of a dispositional order made in a child protective proceeding, "good cause" must be established (*see* Family Ct Act § 1061; *Matter of Davies v Davies*, 223 AD2d 884, 886 [1996]; *Matter of Angelina AA.*, 222 AD2d 967, 968 [1995]). Despite respondent's derivative neglect of Daniel, we conclude that Family Court's continuation of Daniel's custody with his mother is appropriate. The record leads us to conclude that Family Court considered all appropriate factors in determining this issue (*see generally Matter of Cornell v Cornell*, 8 AD3d 718 [2004]). While the father has some degree of interest in Daniel's welfare, he is largely inattentive to Daniel's physical and emotional needs. Further, given the father's employment history and physical limitations, he has not demonstrated that he is able to meet Daniel's needs. In contrast, it is readily apparent that the mother is acutely interested in Daniel's welfare and is supportive of both his physical and emotional needs. Moreover, we are convinced that the orders of protection issued by Family Court offer a sufficient level of protection against any exposure to a continuation of any neglectful conduct by respondent. Thus, we conclude that Family Court correctly maintained custody of Daniel with the mother.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found respondent to have derivatively neglected Michael VV., and, as so modified, affirmed.