■ In the Matter of ANDREW S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ALAN S., Respondent. (Proceeding No. 1.) In the Matter of JULIA S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ALAN S., Respondent. (Proceeding No. 2.) [842 NYS2d 579]—

In two related neglect proceedings pursuant to Family Court article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Budd, J.), dated November 20, 2006, which, after a fact-finding hearing, dismissed the petitions.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, the subject children are found to be neglected by the father, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing.

The petitioner instituted these neglect proceedings against the father pursuant to Family Court Act article 10. Following a fact-finding hearing, the Family Court, in effect, denied the petitions and dismissed the proceedings. We reverse.

We find that the petitioner sustained its burden of proof by a preponderance of the evidence that the subject children were neglected by the father (see Family Ct Act § 1046 [b] [i]). A "neglected child" is defined as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). "Significantly, actual injury or impairment is not required, and a finding of neglect may be made provided a preponderance of the evidence demonstrates that the child is in

'imminent danger' of injury or impairment" (*Matter of Salvatore C.*, 6 AD3d 431, 432 [2004], quoting *Matter of Katie R.*, 251 AD2d 698, 699 [1998]; *see Matter of Rakim W.*, 17 AD3d 376, 377 [2005]).

At the fact-finding hearing, the mother testified that on April 11, 2006 the children were present during a verbal dispute that occurred between the parents. Following that verbal dispute, the father pushed a computer out of a second floor window, causing the computer to land approximately 12 to 15 feet away from a vehicle occupied by the mother and the children. Thereafter, on May 7, 2006 the father attempted to commit suicide by hanging himself with a sheet from a second floor bannister. According to the police officer who responded to the scene, the children were present in the house during the incident and were "very upset." The caseworker's interview with the oldest child, Andrew, revealed that, on May 7, 2006, Andrew observed "blood" and also observed his father being taken out in an ambulance. Under these circumstances, the Family Court should have concluded that the father neglected the subject children. Accordingly, we remit the matter to the Family Court, Suffolk County, for a dispositional hearing. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.