In the Matter of MYLES N., a Child Alleged to be Permanently Neglected. DENISE N.N., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [854 NYS2d 353]—

Petitioner agency made the requisite diligent efforts (Social Services Law § 384-b [7] [a]; Matter of Lenny R., 22 AD3d 240 [2005], lv denied 6 NY3d 708 [2006]). Despite a parent's compliance with the service plan and regular visitation with the child, permanent neglect can still be found where he fails to acknowledge or gain adequate insight into the domestic violence problem that led to the foster care placement in the first place (Matter of Alpacheta C., 41 AD3d 285 [2007], lv denied 9 NY3d 812 [2007]; Matter of Galeann F., 11 AD3d 255 [2004], lv denied 4 NY3d 703 [2005]). Even though the agency's progress notes in evidence covered only an 11-month period, respondent's testimony confirmed permanent neglect of the child for the requisite period, in accordance with the statute.

Respondent failed to preserve her contention that an inadequate foundation had been laid for the admission of the agency's progress notes, and we decline to review it. In any event, the

agency caseworker's testimony established that the highlighted portions of the notes were made in the ordinary course of business, and thus admissible as business records (*Matter of Isaiah R.*, 35 AD3d 249 [2006]).

Respondent's claim that Family Court failed to state the grounds for the permanent neglect finding (*see* Family Ct Act § 1051 [a]) does not require reversal "where, as here, the record amply supports Family Court's ultimate finding" (*Matter of Amber VV.*, 19 AD3d 767, 769 [2005]).

The court's termination of respondent's parental rights was entered on default and is thus not appealable (*see Matter of Rosa S.*, 38 AD3d 216 [2007]). Were it properly before us, we would affirm. A preponderance of the evidence supported Family Court's determination that it was in the child's best interests (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]) to terminate parental rights and enable the foster mother to adopt the child, given that he has lived in the foster home for his entire six years, and has bonded with his foster mother and her children (*Matter of Octavia Lorraine O.*, 34 AD3d 258 [2006]). Concur—Saxe, J.P., Gonzalez, Buckley and Acosta, JJ.