In the Matter of TYLER MM., and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE NN. et al., Appellants. [918 NYS2d 644]—

Lahtinen, J.

Respondent Stephanie NN. (hereinafter the mother) is the mother of five children, twin sons born in 1993, twin daughters born in 1995 and a son born in 2002. She is the custodial parent of the four older children. The youngest child has a different father than the other four children and his father has custody, with the mother having visitation. Respondent Patrick O., who was 19 years old at the time of the hearing and the mother's live-in paramour, is not the father of any of the children. Petitioner commenced this neglect proceeding alleging, among other things, that marihuana was routinely smoked in the home when the children were present, some of the children drank alcohol and smoked marihuana in the home, one child smoked

marihuana with Patrick, and the mother allowed the teenage boyfriend of one of her daughters to sleep with the daughter in the daughter's bed on many occasions.

Following a fact-finding hearing in which conflicting proof was presented and Family Court found petitioner's proof to be credible, the court determined that respondents had neglected the children. Family Court's dispositional order placed custody of the four oldest children with the mother subject to petitioner's supervision until November 2010. In addition, the presence in the home of the youngest child, who remained in his father's custody, was restricted to daylight hours when an adult was present. The mother appeals from the fact-finding order and Patrick O. appeals from the dispositional order.

Petitioner had the burden of proving neglect by a preponderance of the evidence (see Matter of Jesse XX. [Marilyn ZZ.], 69 AD3d 1240, 1242 [2010]; Matter of Mary Kate VV., 59 AD3d 873, 875 [2009], lv denied 12 NY3d 711 [2009]). It is well settled that "[t]o establish neglect, petitioner was required to show 'first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Kaleb U. [Heather V.— Ryan U.], 77 AD3d 1097, 1098 [2010], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Where, as here, conflicting proof is presented, we accord deference to Family Court's factual findings and credibility determinations (see Matter of Lori MM. v Amanda NN., 75 AD3d 774, 775 [2010]; Matter of Omavi A. [Jaimyce A.], 68 AD3d 1463, 1465 [2009]; Matter of Brandi U., 47 AD3d 1103, 1104 [2008]).

We consider first the assertions by Patrick O. that Family Court erred in finding him to be a person legally responsible for the children's care and that the evidence was insufficient to establish neglect. Although Patrick O. was only a few years senior to the oldest twins, he had daily contact with the children since he had lived in the home for about a year as the mother's paramour, he was often alone with the children, and there was proof that he cooked, cleaned and helped the children prepare for school. The record contains adequate evidence to sustain Family Court's finding that Patrick O. was legally responsible for the children's care (see Matter of Yolanda D., 88 NY2d 790, 796 [1996]; Matter of Rebecca X., 18 AD3d 896, 898 [2005], lv denied 5 NY3d 707 [2005]). The evidence regarding neglect of the children by Patrick O. was sufficient because, among other

things, there was proof that he smoked marihuana with at least one of the children and we have previously held that "smoking marihuana with a child 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [a] respondent's care'" (*Matter of Amber VV.*, 19 AD3d 767, 768 [2005], quoting *Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]).

Next, we turn briefly to two evidentiary issues raised in cursory arguments by the mother. First, we are unpersuaded that Family Court erred in not permitting the mother to question petitioner's witness regarding why a neglect petition was filed rather than a person in need of supervision (hereinafter PINS) petition. The mother failed to articulate the relevance of this line of questioning and, in any event, even if a PINS proceeding had been commenced, Family Court would have had authority to substitute a neglect petition for the PINS petition once neglect became apparent (*see* Family Ct Act § 716; *Matter of Matthew FF.*, 179 AD2d 928, 929 [1992]). The second evidentiary argument is without merit. Family Court properly allowed into evidence the children's out-of-court statements, and those statements were sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1039-1040 [2005], *lv denied* 5 NY3d 707 [2005]).

Finally, we are unpersuaded by the mother's contention that the proof was insufficient to establish that she neglected the children. Initially, we note that the mother's argument in her brief regarding this issue focuses primarily on the credibility of petitioner's caseworker. However, we are not convinced that Family Court erred in accepting the caseworker's credibility and giving considerable weight to her testimony. There was evidence that three of the children smoked marihuana. While the mother denied direct knowledge of this activity, the caseworker related a strong smell of marihuana (particularly in one of the children's rooms) when she visited the home, as well as observing an apparently partially smoked marihuana cigarette. The caseworker reported seeing a large number of empty beer cans scattered around the home, including in the oldest son's room. She asked the mother about these conditions and the mother acknowledged a likelihood that the children were drinking alcohol and smoking marihuana when she was at work. According to the older children's father, the children admitted their alcohol and marihuana use to him and, when he asked the mother why she allowed this, she responded that she was a teenager once and there was nothing she could do. The mother acknowledged to petitioner's caseworker that she permitted her teenage daugh-

ter to often sleep in the same bed with her boyfriend. The mother rationalized that, since her daughter responded in the negative when asked whether she was having sex, then there was nothing amiss with the sleeping arrangement. It is apparent that an imminent danger to the children existed from the children's repeated use of marihuana and alcohol, the pervasive availability of marihuana in the home, and the sleeping arrangements countenanced by the mother. Viewing the record as a whole and accepting Family Court's credibility determinations, there is ample proof of neglect.

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that orders are affirmed, without costs.