■ In the Matter of COLTON A., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE G., Appellant. (Proceeding No. 1.) In the Matter of GIOVANNA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE G., Appellant. (Proceeding No. 2.) In the Matter of JULIANA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE G., Appellant. (Proceeding No. 3.) In the Matter of SANTO G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE G., Appellant. (Proceeding No. 4.) [935 NYS2d 38]—

A "[n]eglected child" is defined as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [a] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]; *see*

*Matter of Amelia W. [Gloria D.W.]*, 77 AD3d 841, 842 [2010]; *Matter of Andrew S.*, 43 AD3d 1170 [2007]). As the mother correctly contends, the Family Court's finding of neglect against her was not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The evidence presented at the fact-finding hearing established that, inter alia, the mother had been prescribed pain medications. It also established that the mother's doctor had not recommended that she refrain from driving while under the influence of the medications. Thus, the Family Court incorrectly determined that the mother neglected the subject children by driving with them while under the influence of the medications against her doctor's recommendation.

Further, uncorroborated hearsay evidence is not permitted in a fact-finding hearing (*see* Family Ct Act § 1046 [b] [iii]; [c]; *Matter of Nicole V.*, 71 NY2d 112, 118-119 [1987]; *Matter of Tristan R.*, 63 AD3d 1075, 1076 [2009]). Thus, the evidence that the mother allowed one of the subject children to supervise his siblings while she slept was inadmissible. In any event, the mother established by a preponderance of the evidence that she did not fail to appropriately supervise the subject children (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]).

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.