■ In the Matter of ANDRE K. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 1.) In the Matter of EMILY R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 2.) In the Matter of BERNARDO R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 3.) In the Matter of IRMA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 4.) In the Matter of JADA G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 5.) In the Matter of JULISSA G.

ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 6.) In the Matter of DUSTIN R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMAHAL G., Respondent. (Proceeding No. 7.) [38 NYS3d 248]—

Appeal from an order of disposition of the Family Court, Kings County (Ann E. O'Shea, J.), dated December 29, 2015. The order of disposition, upon a decision dated November 17, 2015, made after a fact-finding hearing, denied the petitions alleging that the respondent neglected the subject children and dismissed the proceedings.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the order of disposition (see CPLR 5520 [c]); and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the petitions are reinstated, the subject children Andre K., Emily R., Bernardo R., Irma R., Jada G., and Julissa G. are found to be neglected by the respondent, Dustin R. is found to be derivatively neglected, and the matter is remitted to the Family Court, Kings County, for further proceedings, including a dispositional hearing.

The petitioner instituted these neglect proceedings against the respondent, who is the father of several of the subject children and a person legally responsible for all of the children. The Family Court credited the mother's testimony as well as the caseworker's reports regarding the children's accounts of domestic violence. The Family Court further determined that the respondent's denials were not credible. Nevertheless, the Family Court determined, after a fact-finding hearing, that neglect had not been established because there was insufficient evidence that the children's physical, mental, or emotional conditions had been impaired or were in danger of becoming impaired. The Family Court denied the petitions and dismissed the proceedings. We reverse.

To establish neglect pursuant to Family Court Act § 1012 (f) (i) (B), a petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see also Family Ct Act § 1046 [b] [i]). Actual

injury or impairment is not required, and a finding of neglect may be made provided a preponderance of the evidence demonstrates that the child is in imminent danger of injury or impairment (*see Matter of Andrew S.*, 43 AD3d 1170, 1171 [2007]; *Matter of Salvatore C.*, 6 AD3d 431, 432 [2004]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998]).

Here, a preponderance of the evidence established that by, inter alia, engaging in acts of domestic violence against the mother, the respondent neglected all of the subject children, except Dustin R., who was born after the respondent committed these acts of domestic violence. The testimony showed that, on one occasion, in the presence of at least one of the children, the respondent threatened that he would kill the mother, and on another occasion, he punched the mother in the face when all of the six older children were in the next room. That blow caused the mother to fall into a bathtub and sustain bruising, which was observed by all of the six older children. During another incident, the respondent threw a set of keys at the mother, and the keys hit one of the children in the face while all of the other older children also were present. The testimony showed that the incidents caused the six older children to be "afraid," "scared," and "upset." Contrary to the Family Court's determination, under these circumstances, a preponderance of the evidence established that all of the six older children were neglected (*see Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 995 [2014]; *Matter of Celeste O. [Calvin A.]*, 119 AD3d 586, 587 [2014]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Andrew S.*, 43 AD3d at 1170). Contrary to the court's further determination, the evidence supported a finding of derivative neglect with respect to Dustin R. (*see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]).

Accordingly, the order appealed from must be reversed, the petitions reinstated, and the matter remitted to Family Court, Kings County, for a dispositional hearing and a new determination thereafter. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.