■ In the Matter of ASHANTAE H. and Another, Children Alleged to be Neglected. SHELLY H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [43 NYS3d 757]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about June 2, 2015, insofar as it determined, after a hearing, that respondent mother had neglected the subject children, unanimously affirmed, without costs.

Based on the testimony and documents presented, coupled with the "strongest adverse inference" that the evidence will allow due to the mother's failure to testify (Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.], 126 AD3d 545, 546 [1st Dept 2015]), a preponderance of the evidence supports the Family Court's finding that the mother neglected her children by engaging in a pattern of aggressive and uncontroll-

able behavior in their presence, which caused them to be upset and fearful, and impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (see Family Ct Act § 1012 [f] [i] [B]; see Matter of Andre K. [Jamahal G.], 142 AD3d 1171 [2d Dept 2016]). The mother had repeated arguments with a neighbor, and displayed her anger issues toward building staff and other tenants in the presence of one or more of her children. The mother's behavior concerned the shelter so much that they had to call the authorities on repeated occasions and had to repeatedly warn the mother that her behavior could cause her to be evicted or arrested, or could cause harm to the children.

A finding of neglect does not require proof "that the child has suffered actual injury" (Nicholson v Scoppetta, 3 NY3d 357, 377 [2004]; see also Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509 [1st Dept 2015] [imminent risk demonstrated by child's out-of-court statement that she was frightened and saddened by seeing parents' altercation]). Here, the detrimental effect the mother's actions had on the children is well established in the record. The mother merely presents credibility issues which were for the court to resolve and this Court "will not disturb those determinations where, as here, they are supported by the record" (Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013] [same]). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.