Matter of Adalisa R. v New York State Off. of Children & Family Servs. (2021 NY Slip Op 00040)





Matter of Adalisa R. v New York State Off. of Children & Family Servs.


2021 NY Slip Op 00040


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 452631/17 Appeal No. 12758 Case No. 2019-03787 

[*1]In the Matter of Adalisa R., Petitioner,
v
New York State Office of Children and Family Services, Respondent.


The Bronx Defenders, Bronx (Saul Zipkin of counsel), for petitioner.
Letitia James, Attorney General, New York (Amit R. Vora of counsel), for respondent.



Determination of respondent, dated May 24, 2017, which, after a hearing, denied petitioner's request to amend and seal two indicated reports finding maltreatment of her daughter, and allowed disclosure of the reports' existence to provider and licensing agencies making inquiry, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.], entered on or about December 27, 2018), dismissed, without costs.
The determination of respondent is supported by substantial evidence in the record (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]; see also Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018]). Petitioner abandons her challenge to the indicated report arising from her failure to protect her underage daughter from sexual abuse by the child's father, to which collateral estoppel applies. As for the other indicated report, the finding that the daughter's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [petitioner] . . . to exercise a minimum degree of care . . . by unreasonably . . . allowing to be inflicted harm, or a substantial risk thereof" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004], quoting Family Court Act § 1012[f][i][B]), is supported by substantial evidence (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974]). That evidence shows that petitioner allowed an adult male to move into her underage daughter's bedroom, apparently before the daughter became pregnant, and that petitioner encouraged the relationship (see Matter of Tyler MM. (Stephanie NN.), 82 AD3d 1374, 1376-1377 [3d Dept 2011], lv denied 17 NY3d 703 [2011]; Matter of Shannen AA. [Melissa BB], 80 AD3d 906, 909 [3d Dept 2011], lv denied 16 NY3d 709 [2011]; see also Social Services Law § 412[2][a]). Respondent was not required to credit petitioner's testimony at the hearing, which was inconsistent with the statements she made to the investigating agency, and we find no grounds to overturn the credibility determination (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
Contrary to petitioner's contention, respondent sufficiently addressed the various factors in its guidelines when concluding that the reports were "relevant and reasonably related to" petitioner's asserted work in child care (Social Services Law § 422[8][a][i]-
[ii]); see Matter of Natasha W. v New York State Off. of Children & Family Servs., 32 NY3d 982, 984 [2018], revg 145 AD3d 401, 410 [1st Dept 2016]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January [*2]5, 2021