Matter of Da-Mynye M. (Joseph K.) (2022 NY Slip Op 00665)





Matter of Da-Mynye M. (Joseph K.)


2022 NY Slip Op 00665


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-01674
 (Docket Nos. N-2935-20, N-2936-20, N-2937-20)

[*1]In the Matter of Da-Mynye M. (Anonymous), nonparty-respondent. Administration for Children's Services, appellant; Joseph K. (Anonymous), respondent-respondent. (Proceeding No. 1)
In the Matter of Yanique B. (Anonymous). Administration for Children's Services, appellant; Joseph K. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Da'Rion B.-M. (Anonymous). Administration for Children's Services, appellant; Joseph K. (Anonymous), respondent. (Proceeding No. 3)


Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jessica Miller of counsel; Kathleen M. Ritter on the brief), for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent-respondent in Proceeding No. 1 and respondent in Proceeding Nos. 2 and 3.
Regine D. Pointdujour, Brooklyn, NY, attorney for the child Da-Mynye M., the nonparty-respondent in Proceeding No. 1. 
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child Yanique B.
Abdula Greene, New York, NY, attorney for the child Da'Rion B.-M.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated March 3, 2021. The order, upon granting the motion of Joseph K., made at the close of the petitioner's case at a fact-finding hearing, in effect, to dismiss the petitions for failure to establish, prima facie, that Joseph K. was a person legally responsible for the subject children's care, and the separate motion of the child Da-Mynye M., made at the close of the petitioner's case at the hearing, in effect, to dismiss the petition relating to him for failure to establish, prima facie, that Joseph K. was a person legally responsible for his care, dismissed the petitions with prejudice.
ORDERED that the order is reversed, on the law, without costs or disbursements, the motion of Joseph K., in effect, to dismiss the petitions and the separate motion of the child Da-Mynye M., in effect, to dismiss the petition relating to him are denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that Joseph K. attempted to sexually abuse the child Yanique B. and thereby derivatively abused her siblings, Da-Mynye M. and Da'Rion B.-M. At the fact-finding hearing, after ACS rested its case, Joseph K. moved, in effect, to dismiss the petitions, and Da-Mynye M. separately moved, in effect, to dismiss the petition relating to him. The Family Court granted those motions. ACS appeals.
A proper respondent in a Family Court Act article 10 proceeding includes "any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child" (Family Ct Act § 1012[a]; see Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1035). A person legally responsible for a child's care includes "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]; see Matter of Kevin D. [Quran S.S.], 169 AD3d at 1035). In evaluating whether an individual is a person legally responsible for a child's care, the court should consider "(1) 'the frequency and nature of the contact,' (2) 'the nature and extent of the control exercised by the respondent over the child's environment,' (3) 'the duration of the respondent's contact with the child,' and (4) 'the respondent's relationship to the child's parent(s)'" (Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004, quoting Matter of Yolanda D., 88 NY2d 790, 796; see Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1035). Family Court Act article 10 proceedings do not encompass those "'who assume fleeting or temporary care of a child,'" but, rather, those who perform caregiving duties commonly associated with parents, such that they have acted as the functional equivalent of a parent (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004, quoting Matter of Yolanda D., 88 NY2d at 796; see Matter of Kevin D. [Quran S.S.], 169 AD3d at 1035). This "'discretionary, fact-intensive inquiry . . . will vary according to the particular circumstances of each case'" (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004, quoting Matter of Yolanda D., 88 NY2d at 796; see Matter of Kevin D. [Quran S.S.], 169 AD3d at 1035).
On a motion to dismiss a petition for failure to establish a prima facie case, the petitioner's evidence must be accepted as true and the petitioner must be afforded the benefit of every reasonable inference which may be drawn therefrom (see Matter of Jennifer P. [Walter A.-L.], 172 AD3d 1377, 1378-1379). Here, accepting the evidence presented by ACS as true, and affording ACS the benefit of every favorable inference which may be drawn therefrom, ACS established a prima facie case that Joseph K. was a person legally responsible for the care of the subject children (see id. at 1379; Matter of Gary J. [Engerys J.], 154 AD3d 939, 941; Matter of Devin W. [Devonne W.], 154 AD3d 723, 724). Accordingly, the Family Court should have denied the motion of Joseph K., in effect, to dismiss the petitions and the separate motion of Da-Mynye M., in effect, to dismiss the petition relating to him, and we remit the matter to the Family Court, Kings County, to complete the fact-finding hearing and to determine the petitions on the merits.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court