Matter of Sydelle P. (Alvin P.) (2022 NY Slip Op 06809)

Matter of Sydelle P. (Alvin P.)

2022 NY Slip Op 06809

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06358
 (Docket No. N-26903-19)

[*1]In the Matter of Sydelle P. (Anonymous). Administration for Children's Services, respondent; 
and
Alvin P. (Anonymous), appellant.

Robert Marinelli, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Antonella Karlin of counsel), for respondent.
Twyla Carter, New York, NY (Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated July 20, 2021. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On September 23, 2019, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the father neglected the subject child by perpetrating an act of domestic violence against the mother in the child's presence. The petition alleged, inter alia, that on September 21, 2019, the father pushed the mother, and when the child tried to stop him, he pushed the child to the floor, that as a result of the father's actions the child incurred injury and pain to her back, and that the child is afraid of the father and afraid for her mother. The same incident that provided the basis for the neglect petition also provided the basis for a family offense petition filed by the mother in September 2019. On consent of the parties, the Family Court held consolidated hearings on both petitions. Following the hearings, in an order of fact-finding and disposition entered in the neglect proceeding, the court, inter alia, found that the father neglected the child. The father appeals.
In an order of fact-finding and disposition entered in the family offense proceeding, the Family Court found that the father committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in a two-year order of protection issued against him and in favor of the mother and the child. In a related appeal, this Court has affirmed that order of fact-finding and disposition and the order of protection (see Matter of P. v P., _____ AD3d _____ [decided herewith]).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming [*2]impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Cerise M. [Michael M.], 177 AD3d 743, 745). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064). Where the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, "its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Cerise M. [Michael M.], 177 AD3d at 745).
Here, contrary to the father's contention, a preponderance of the credible evidence established that he neglected the child by pushing the mother to the floor in the child's presence and in pushing the child into the wall when she tried to intervene (see Matter of Nina P. [Giga P.], 180 AD3d at 1048; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724; Matter of Kiara C. [David C.], 85 AD3d at 1026). Minor inconsistencies in the testimony presented by ACS did not render such testimony unworthy of belief (see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178).
The Family Court's determination, based upon its credibility assessment in accepting the testimony of the mother and her adult daughter regarding the incident, and in rejecting the father's account, is supported by the record (see Matter of Cerise M. [Michael M.], 177 AD3d at 745).
Accordingly, the Family Court properly determined the father neglected the child.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court