Matter of Shalom A. (Codjo A.) (2023 NY Slip Op 01992)

Matter of Shalom A. (Codjo A.)

2023 NY Slip Op 01992

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2022-01902
 (Docket Nos. N-20264-19, N-20265-19, N-20266-19)

[*1]In the Matter of Shalom A. (Anonymous). Administration for Children's Services, petitioner- respondent; Codjo A. (Anonymous), appellant; et al., respondent. (Proceeding No. 1)
In the Matter of Eden A. (Anonymous). Administration for Children's Services, petitioner- respondent; Codjo A. (Anonymous), appellant; et al., respondent. (Proceeding No. 2)
In the Matter of Zion A. (Anonymous). Administration for Children's Services, petitioner- respondent; Codjo A. (Anonymous), appellant; et al., respondent. (Proceeding No. 3) 

Joseph H. Nivin, Forest Hills, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and Susan Paulson of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Margaret Morgan, J.), dated March 9, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father neglected the subject children, and placed the father under the supervision of the Administration for Children's Services and directed him to comply with certain conditions until December 7, 2022.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Administration for Children's Services and directed him to comply with certain conditions until December 7, 2022, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as [*2]reviewed, without costs or disbursements.
On October 2, 2019, the Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10 alleging that the father neglected the subject children. At a fact-finding hearing, ACS presented evidence that on October 1, 2019, in the presence of the children, the father threatened to hit the mother with a clothing iron, and struck her in the face with his hand and caused her to fall on the ground. ACS also presented evidence that the father threatened and exhibited violent behavior toward the mother in the presence of the children on two other occasions. Following the fact-finding hearing and a dispositional hearing, in an order of fact-finding and disposition, the Family Court, inter alia, found that the father neglected the children, and placed the father under ACS supervision and directed him to comply with certain conditions until December 7, 2022. The father appeals.
The appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of ACS and directed him to comply with certain conditions until December 7, 2022, has been rendered academic, as that portion of the order of fact-finding and disposition has expired by its own terms (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 713). However, the Family Court's finding that the father neglected the children is not academic, since an adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (see id. at 713; Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1100). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d at 735; see Matter of Sydelle P. [Alvin P.], 210 AD3d at 1100). "Where the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Sydelle P. [Alvin P.], 210 AD3d at 1100 [internal quotation marks omitted]; see Matter of Skye H. [Tianna S.], 195 AD3d at 713).
Here, contrary to the father's contention, a preponderance of the credible evidence established that the physical, mental, or emotional condition of the children was impaired or was in danger of becoming impaired by the father's acts of domestic violence against the mother in their presence (see Matter of Andre K. [Jamahal G.], 142 AD3d 1171, 1172-1173; Matter of Celeste O. [Calvin A.], 119 AD3d 586, 587).
The father's remaining contentions are without merit.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court