Matter of Sasha R. (Kevin A. M.) (2023 NY Slip Op 02882)

Matter of Sasha R. (Kevin A. M.)

2023 NY Slip Op 02882

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00805
 (Docket No. N-21575-19)

[*1]In the Matter of Sasha R. (Anonymous), also known as Sasha M. (Anonymous). Administration for Children's Services, petitioner-appellant; Kevin A. M. (Anonymous), respondent-respondent, et al., respondent; Twyla Carter, nonparty-appellant.

Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), nonparty-appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis, MacKenzie Fillow, and Jeremy Pepper of counsel), for petitioner-appellant.
Michael Mossa & Associates, LLC, Ozone Park, NY (Michael Mossa and William Shanahan of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the attorney for the child appeals, and the petitioner separately appeals, from an order of the Family Court, Queens County (Margaret Morgan, J.), dated January 6, 2022. The order, upon granting the father's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition insofar as asserted against him for failure to establish a prima facie case, dismissed the petition insofar as asserted against him.
ORDERED that the order is reversed, on the law, without costs or disbursements, the father's motion to dismiss the petition insofar as asserted against him is denied, the petition is reinstated insofar as asserted against the father, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child. At a fact-finding hearing, after ACS rested its case, the father moved to dismiss the petition insofar as asserted against him for failure to establish a prima facie case. The Family Court granted the motion and dismissed the petition insofar as asserted against him. The attorney for the child appeals, and ACS separately appeals.
On a motion to dismiss a petition for failure to establish a prima facie case, the petitioner's evidence must be accepted as true, and the petitioner must be afforded the benefit of every reasonable inference which may be drawn therefrom (see Matter of Da-Mynye M. [Joseph K.], 202 AD3d 685, 686). Here, accepting the evidence presented by ACS as true, and affording ACS [*2]the benefit of every favorable inference which may be drawn therefrom, ACS established a prima facie case that the father neglected the subject child (see Matter of Jermaine T. [Jairam T.], 193 AD3d 943; Matter of Ashantae H. [Shelly H.], 146 AD3d 453; Matter of Andre K. [Jamahal G.], 142 AD3d 1171; Matter of Jeaniya W. [Jean W.], 96 AD3d 622; Matter of Jessica R., 230 AD2d 108). Accordingly, the Family Court should have denied the father's motion to dismiss the petition insofar as asserted against him, and we remit the matter to the Family Court, Queens County, to complete the fact-finding hearing and to determine the petition insofar as asserted against the father on the merits.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court