Matter of Bronx S. (Denzel J.) (2023 NY Slip Op 03468)

Matter of Bronx S. (Denzel J.)

2023 NY Slip Op 03468

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-02830
 (Docket No. N-21977-19)

[*1]In the Matter of Bronx S. (Anonymous). Administration for Children's Services, respondent; Denzel J. (Anonymous), et al., appellants.

Helene Chowes, New York, NY, for appellant Denzel J.
Lauri Gennusa, Laurelton, NY, for appellant Emerald S.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Amanda Abata of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Denzel J. appeals, and Emerald S. separately appeals, from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated April 7, 2022. The order of fact-finding and disposition, insofar as appealed from by Denzel J., after a fact-finding hearing, found that he neglected the subject child. The order of fact-finding and disposition, insofar as appealed from by Emerald S., after a fact-finding hearing, found that she neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On October 28, 2019, the Administration for Children's Services (hereinafter ACS) commenced a proceeding pursuant to Family Court Act article 10, alleging that Denzel J. (hereinafter Denzel) neglected the subject child. Following a second incident, on July 21, 2020, the Family Court granted ACS's motion to amend the petition to add the mother, Emerald S., as a respondent, alleging that she neglected the child by allowing the child to be in the presence of Denzel in violation of a temporary order of protection. At a fact-finding hearing, ACS presented evidence that on September 30, 2019, Denzel, the mother's paramour, engaged in a physical altercation with the mother, causing her injuries, in the presence of the child. ACS also presented evidence that on July 21, 2020, Denzel and the mother engaged in another physical altercation in the presence of the child, and that the child sustained injuries during this altercation. Following the fact-finding hearing, in an order of fact-finding and disposition, the Family Court, inter alia, found that the mother and Denzel neglected the child. Denzel appeals, and the mother separately appeals.
"A finding of neglect is proper where a preponderance of the evidence establishes that [*2]the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1099). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; see Matter of Sydelle P. [Alvin P.], 210 AD3d at 1099-1100). "Where the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, 'its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Sydelle P. [Alvin P.], 210 AD3d at 1100, quoting Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616).
Here, contrary to Denzel's and the mother's contentions, a preponderance of the credible evidence, including the parties' own admissions, established that the physical, mental, or emotional condition of the child was impaired or was in danger of becoming impaired by the acts of domestic violence perpetrated in his presence (see Matter of Sydelle P., 210 AD3d at 1100; Matter of Nina P. [Giga P.], 180 AD3d 1047, 1048), and that the mother failed to provide the child with proper supervision or guardianship (see Matter of Alanna S. [Regina A.], 92 AD3d 787, 788).
The remaining contentions of Denzel and the mother either are unpreserved for appellate review, and, in any event, without merit, or need not be reached in light of our determination.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court