Matter of George A. C. (Anthony C.) (2024 NY Slip Op 00302)

Matter of George A. C. (Anthony C.)

2024 NY Slip Op 00302

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02972
2022-02973
 (Docket Nos. N-24930-18, N-20004-18)

[*1]In the Matter of George A. C. (Anonymous). Administration for Children's Services, respondent; Anthony C. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nikolaos S. C. (Anonymous). Administration for Children's Services, respondent; Anthony C. (Anonymous), appellant. (Proceeding No. 2.)

Anthony C., Bronx, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated March 11, 2022, and (2) an order of disposition of the same court, also dated March 11, 2022. The order of fact-finding, after a fact-finding hearing, found that the father neglected the child George A. C. and derivatively neglected the child Nikolaos S. C. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the father under the supervision of the Administration for Children's Services and directed him to comply with certain conditions for a period of six months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except insofar as it brings up for review so much of the order of fact-finding as found that the father neglected the child George A. C. and derivatively neglected the child Nikolaos S. C.; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the child George A. C. and derivatively neglected the child Nikolaos S. C. by perpetrating an act of domestic violence against the mother in the presence of George A. C. Evidence was presented at the fact-finding hearing demonstrating that, on September 27, 2018, the father broke through a locked door into the family's apartment and lunged at and grabbed the mother, causing her to fall and George A. C. to fall out of her arms. Additionally, evidence showed that, during this incident, the father flipped over furniture, screamed at the mother, and threw items in her direction, causing dents in the wall. In an order of fact-finding, the Family Court found that the father neglected George A. C. and derivatively neglected Nikolaos S. C. In an order of disposition, made after a dispositional hearing, the court, among other things, placed the father under the supervision of ACS and directed him to comply with certain conditions for a period of six months. The father appeals from the order of fact-finding and the order of disposition.
The appeal from so much of the order of disposition as placed the father under the supervision of ACS and directed him to comply with certain conditions for a period of six months has been rendered academic, as that portion of the order of disposition has expired by its own terms (see Matter of Shalom A. [Codjo A.], 215 AD3d 825, 826; Matter of Skye H. [Tianna S.], 195 AD3d 711, 713). However, the appeal from so much of the order of disposition as brings up for review the findings that the father neglected George A. C. and derivatively neglected Nikolaos S. C. is not academic, since an adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (see Matter of Shalom A. [Codjo A.], 215 AD3d at 826).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1100). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d at 735; see Matter of Nina P. [Giga P.], 180 AD3d 1047). "Where the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Sydelle P. [Alvin P.], 210 AD3d at 1100 [internal quotation marks omitted]; see Matter of Shalom A. [Codjo A.], 215 AD3d at 827).
Here, a preponderance of the credible evidence supported a finding that George A. C.'s physical, mental, or emotional condition was impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother in the child's presence (see Matter of Saphire R. [Christopher R.], 219 AD3d 730, 731-732; Matter of Shalom A. [Codjo A.], 215 AD3d at 827). Moreover, the father's commission of an act of domestic violence against the mother in the presence of George A. C. evinced a fundamental defect in his understanding of the duties of parenthood, such that it supports a finding of derivative neglect with respect to Nikolaos S. C. (see Matter of Saphire R. [Christopher R.], 219 AD3d at 732; Matter of Madeleine B. [Peter B.], 198 AD3d 641, 643).
The father's contention that the Family Court was biased against him is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; see Matter of Goundan v Goundan, 210 AD3d 1087, 1089). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Bowe v Bowe, 124 AD3d 645, 646 [internal quotation marks omitted]; see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894). Here, the record contains no evidence of bias by the court (see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 772; Matter of Davis v Pignataro, 97 AD3d 677, 678).
The father's remaining contentions are either not properly before this Court or without merit.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court