Matter of LI.C. (W.C.)
2026 NY Slip Op 03727
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of LI.C. and Another Children Under the Age of Eighteen Years, etc., W.C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: June 11, 2026
Docket No. N15099-100/24|Appeal No. 6876|Case No. 2025-05822|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Jay A. Maller, New York, for appellant.
Steven Banks, Corporation Counsel, New York (Alex Fumelli of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

[*1]
Order of disposition, Family Court, Bronx County (Rantideva Singh, J.), entered on or about September 2, 2025, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 27, 2025, which found, after a hearing, that respondent father neglected the older child and derivatively neglected the younger child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the father neglected the older child by inflicting excessive corporal punishment, after the father struck the then- three-year-old, developmentally delayed child on the chest and thigh with such force as to leave bruises visible at least five days thereafter (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). Family Court discredited the father's claim that he used minimal force in merely spanking the older child and credited the contradictory testimony of the child protective specialist and the mother (see id.), and the certified medical records (Matter of C. L. [Edward L.], 214 AD3d 481, 482 [1st Dept 2023]). There is no basis for disturbing the court's credibility determinations, which are entitled to great deference on appeal (see Matter of D.M.R. [Berkis B.], 247 AD3d 509, 510 [1st Dept 2026]). That the child sustained injuries described as "superficial" is not dispositive, as actual injury is not required (Matter of Ashantae H. [Shelly H.], 146 AD3d 453, 454 [1st Dept 2017]). Nor is it relevant that ACS did not establish a patternof excessive corporal punishment, as a single incident may suffice (see Matter of K.M. [O.M.], 228 AD3d 406, 407 [1st Dept 2024]).
The father's use of excessive corporal punishment on the older child demonstrates such impaired judgment as to warrant the inference that he poses a substantial risk of harm to the younger child and to justify the finding of derivative neglect (Matter of L.P.G. [L.B.], 244 AD3d 625, 626 [1st Dept 2025]; Matter of Syeda A. [Syed A.], 186 AD3d 1145, 1146 [1st Dept 2020]). Moreover, the incident involving excessive corporal punishment against the older child occurred while the younger child was present, further supporting the finding (see Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022] ). The court's failure to articulate its precise reasoning for the derivative neglect finding does not warrant reversal as the record amply supports the finding (Matter of Myles N., 49 AD3d 381, 382 [1st Dept 2008], lv
denied 11 NY3d 709 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026