Matter of Na'ima W. (Kenyatta W.) (2021 NY Slip Op 01986)





Matter of Na'ima W. (Kenyatta W.)


2021 NY Slip Op 01986


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-12270
 (Docket No. N-31648-17)

[*1]In the Matter of Na'ima W. (Anonymous). Administration for Children's Services, respondent; Kenyatta W. (Anonymous), appellant.


Lewis S. Calderon, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Daniel Matza-Brown and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Susan Clement, and Aurora Curtis of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated September 27, 2019. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding against the father, alleging, inter alia, that he neglected the subject child by engaging in acts of domestic violence against the mother in the child's presence. Following a fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Anthony V. [Savas F.], 176 AD3d 1079, 1080). "A single act of domestic violence in the presence of a child, or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064 [citations omitted]; see Matter of Anthony V. [Savas F.], 176 AD3d at 1080). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Matter of Anthony V. [Savas F.], 176 AD3d at 1080).
Here, the Family Court's finding that the father neglected the child by engaging in acts of domestic violence against the mother in the child's presence was supported by a preponderance of the evidence. The child was in imminent danger of physical impairment due to her close proximity to the violence (see Matter of John M.M. [Michael M.], 160 AD3d 646, 647-648; Matter of Isabella S. [Robert T.], 154 AD3d 606, 606-607). Furthermore, contrary to the father's contention, the court's determination concerning the mother's credibility is supported by the record and will not be disturbed on appeal (see Matter of Anthony V. [Savas F.], 176 AD3d at 1081; Matter of Oliver A. [Oguis A.-D.], 167 AD3d at 868).
The father's contention that he was deprived of the effective assistance of counsel is without merit (see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802; see Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court