Matter of Jermaine T. (Jairam T.) (2021 NY Slip Op 02396)





Matter of Jermaine T. (Jairam T.)


2021 NY Slip Op 02396


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-12111
2019-13242
2019-13244
 (Docket Nos. N-19735-17, N-19736-17)

[*1]In the Matter of Jermaine T. (Anonymous). Administration for Children's Services, respondent; Jairam T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Jeremy T. (Anonymous). Administration for Children's Services, respondent; Jairam T. (Anonymous), appellant. (Proceeding No. 2.)


Stephen N. Preziosi, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Lorenzo Di Silvio of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated October 2, 2019, (2) an order of disposition of the same court dated October 28, 2019, and (3) an order of protection of the same court dated October 28, 2019. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the children in the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of nine months. The order of protection, among other things, directed the father to stay away from the mother and the children, except for agency supervised visits consented to by the children, and to refrain from, inter alia, assaulting the mother and the children through July 28, 2020.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the parties' children in the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of nine months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of disposition as relates to the custody and visitation provisions of the order of disposition pertaining to the child Jermaine T. is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected his two children (hereinafter the older child and the younger child, respectively, and together the children), who were 16 and 10 years old, respectively, at the time of the alleged incident. According to ACS, in September 2017, the father perpetrated an act of domestic violence against the mother in the presence of the children causing them emotional harm. At the fact-finding hearing, ACS adduced evidence that, on the date at issue, the father was the aggressor during an argument with the mother in their home. During that argument, the father grabbed the mother's hair, and, when she raised her arms to defend herself, a kettle of hot water was knocked over, causing severe burns to the mother. At the time of the incident, the children were in the home and heard the altercation. Immediately after the incident, the children saw the mother's injuries and told her that they were afraid to go to school and leave her alone with the father.
After the hearing, the Family Court found that the father neglected the children and, following a dispositional hearing, placed the children in the custody of the nonrespondent mother under the supervision of ACS for a period of nine months. The court also issued an order of protection, inter alia, directing the father to stay away from the mother and the children, except for agency supervised visits consented to by the children, and to refrain from, inter alia, assaulting the mother and the children through July 28, 2020. The father appeals from the order of fact-finding, the order of disposition, and the order of protection.
The older child is now over the age of 18 and is no longer subject to the custody and visitation provisions of the order of disposition (see Family Ct Act § 119[c]; Matter of Sullivan v Plotnick, 145 AD3d 1018, 1020). Thus, the appeal from so much of the order of disposition as relates to the custody and visitation provisions of the order of disposition pertaining to the older child must be dismissed as academic.
The appeal from so much of the order of disposition as placed the younger child in the custody of the nonrespondent mother under the supervision of ACS for a period of nine months also has been rendered academic, as that portion of the order expired by its own terms. However, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected the children is not academic since the adjudication of neglect constitutes a permanent stigma, which might indirectly affect the father's status in future proceedings (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 744-745).
In addition, although the order of protection expired by its own terms on July 28, 2020, the appeal from that order has not been rendered academic "given the totality of the enduring legal and reputation consequences" of the order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723-724).
The Family Court properly found that the father neglected the children. "'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047-1048; Matter of Moises G. [Luis G.], 135 AD3d 527, 527).
Contrary to the father's contention, a preponderance of the admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother within the hearing of the children (see Matter of Andre K. [Jamahal G.], 142 AD3d 1171, 1173; Matter of Moises G. [Luis G.], 135 AD3d at 527). The out-of-court statements of each of the children made to the caseworker concerning the incident at issue cross-corroborated each other for purposes of Family Court Act § 1046(a)(vi), and were further corroborated by the mother's testimony, the testimony of the caseworker concerning the mother's injuries, and photographs of the mother's injuries admitted into evidence (see Matter of Ivy R.Q.M. [Afroz Q.M.], 184 AD3d 833, 835-836; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court