Matter of Cacique R. O. (Alejandro O.) (2021 NY Slip Op 04227)





Matter of Cacique R. O. (Alejandro O.)


2021 NY Slip Op 04227


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-14516
2019-14518
 (Docket No. N-9083-18)

[*1]In the Matter of Cacique R. O. (Anonymous). Administration for Children's Services, petitioner-respondent; Alejandro O. (Anonymous), appellant, et al., respondent.


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Elina Druker and Deborah E. Wassel of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated December 4, 2019, and (2) an order of the same court dated December 10, 2019. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child. The order dated December 10, 2019, after a hearing, denied the father's application pursuant to Family Court Act § 1028 for the return of the child to his care during the pendency of the proceeding.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated December 10, 2019, is affirmed, without costs or disbursements.
By petition dated May 7, 2018, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child by misusing alcohol. In August 2019, the father made an application pursuant to Family Court Act § 1028 for the return of the child to his care during the pendency of the proceeding. The Family Court conducted a combined fact-finding hearing on the neglect petition against the father and hearing pursuant to Family Court Act § 1028. At the commencement of the combined hearing, ACS indicated that it would move to conform the pleadings to the proof by adding allegations of domestic violence and drug use.
Following the combined hearing, the Family Court conformed the pleadings to the [*2]proof regarding domestic violence, and determined that the father neglected the child by perpetrating acts of domestic violence against the mother in the child's presence. In an order dated December 10, 2019, the court denied the father's application pursuant to Family Court Act § 1028. The father appeals.
The Family Court properly found that the father neglected the child. "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945 [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d at 945; see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064).
Here, the mother testified to a pattern of domestic violence perpetrated by the father, much of which occurred in the presence of the child (see Matter of David M. [Sonia M.-C.], 119 AD3d 800, 800-801; Matter of Jaden J. [Ernest C.], 106 AD3d 822, 823). Although the father denied any physical violence against the mother, the Family Court credited the mother's testimony and found the father's testimony to be unreliable. The court's assessment of the credibility of witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Irene O., 38 NY2d 776, 777; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691). There is no basis in the record to disturb the court's credibility determinations (see Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010, 1011).
Since the neglect finding was based on the father's acts of domestic violence against the mother in the child's presence, we need not address the father's contentions that neglect was not established based on his alleged drug use or based on mental illness.
Further, there is a sound and substantial basis in the record for the Family Court's determination that the child would be at imminent risk if returned to the father's care prior to the father's successful completion of services to address his anger management and domestic violence issues (see Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974; Matter of Nyomi P. [Imeisha P.], 189 AD3d 843, 844; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). Accordingly, the court properly denied the father's application pursuant to Family Court Act § 1028 for the return of the child to his care during the pendency of the proceeding.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court