Matter of Jaylen S. (Richard S.) (2023 NY Slip Op 01518)

Matter of Jaylen S. (Richard S.)

2023 NY Slip Op 01518

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01086 
2022-01087
 (Docket No. N-9927-20)

[*1]In the Matter of Jaylen S. (Anonymous). Administration for Children's Services, respondent; Richard S. (Anonymous), appellant.

Steven P. Forbes, Huntington, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and MacKenzie Fillow of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated January 5, 2022, and (2) an order of disposition of the same court dated February 9, 2022. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child. After a fact-finding hearing, the Family Court found that the father neglected the child by perpetrating an act of domestic violence upon the mother in close proximity to the child. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). "[A] child's experience of domestic violence can cause [*2]these harms or put a child in imminent danger of them" (Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; see Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 628).
Contrary to the father's contention, a preponderance of the admissible evidence supported a finding that the child's physical, mental, or emotional condition was impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother within the hearing of the child (see Matter of Jermaine T. [Jairam T.], 193 AD3d at 945-946). The child observed the aftermath of the incident, which included seeing the mother bleeding from her nose and mouth (see Matter of Noah N. [Herold N.], 184 AD3d 733, 734). The child's out-of-court statement made to a police officer concerning the incident was corroborated by the mother's testimony, the father's testimony, and evidence of the mother's injuries (see Family Ct Act § 1046[a][vi]; Matter of Jermaine T. [Jairam T.], 193 AD3d at 946; Matter of Neleh B. [Quincy J.], 162 AD3d 1007, 1010). Moreover, any error in admitting a statement by the mother to the police officer into evidence was harmless, as there was sufficient evidence of neglect without considering the statement (see Matter of Kevon G. [Keith G.], 196 AD3d 572, 574).
The father's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court