Matter of Melanie T. (Eric F.) (2023 NY Slip Op 03355)

Matter of Melanie T. (Eric F.)

2023 NY Slip Op 03355

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-08230
2022-08232
 (Docket No. N-8608-20)

[*1]In the Matter of Melanie T. (Anonymous). Administration for Children's Services, respondent; Eric F. (Anonymous), appellant.

Heath J. Goldstein, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh of counsel; Isaac B. Marks on the brief), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Elenor Reid Cherry, J.), dated September 20, 2022, and (2) an order of disposition of the same court dated September 7, 2022. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child. After a fact-finding hearing, the Family Court found that the father neglected the child by perpetrating acts of domestic violence against the mother in close proximity to the child. The father appeals.
"'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). "'[A] child's [*2]experience of domestic violence can cause these harms or put a child in imminent danger of them'" (Matter of Jaylen S. [Richard S.], 214 AD3d at 885, quoting Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "'Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding'" (Matter of Jaylen S. [Richard S.], 214 AD3d at 885-886, quoting Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). "'The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity'" (Matter of Destiny B. [Anthony R.], 203 AD3d 1042, 1042, quoting Matter of Isabela P. [Jacob P.], 195 AD3d 722, 723 [internal quotation marks omitted]).
Here, a preponderance of the credible evidence supported the Family Court's finding that the child's physical, mental, or emotional condition was impaired or in imminent danger of impairment by the father's commission of acts of domestic violence against the mother in the child's presence (see Matter of Jaylen S. [Richard S.], 214 AD3d at 885; Matter of Destiny B. [Anthony R.], 203 AD3d at 1043; Matter of Na'ima W. [Kenyatta W.], 192 AD3d at 1128). Furthermore, contrary to the father's contention, the record supports the court's credibility assessments (see Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629; Matter of Cacique R.O. [Alejandro O.], 196 AD3d 487, 488; Matter of Cerise M.[Michael M.], 177 AD3d 743, 745).
Accordingly, the Family Court properly determined that the father neglected the child.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court