Matter of Anilya S. (Mohamed S.) (2023 NY Slip Op 03697)

Matter of Anilya S. (Mohamed S.)

2023 NY Slip Op 03697

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-07096
 (Docket Nos. N-4717-21, N-4718-21, N-4719-21)

[*1]In the Matter of Anilya S. (Anonymous). Administration for Children's Services, respondent; Mohamed S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ania S. (Anonymous). Administration for Children's Services, respondent; Mohamed S. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Elijah S. (Anonymous). Administration for Children's Services, respondent; Mohamed S. (Anonymous), appellant. (Proceeding No. 3)

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Jonathan Schoepp-Wong of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated August 2, 2022. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father neglected the subject children, and directed the issuance of a limited order of protection in favor of the subject children against the father.
ORDERED that the appeal from so much of the order of fact-finding and disposition as directed the issuance of a limited order of protection in favor of the subject children against the father is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The father's appeal from so much of the order of fact-finding and disposition as directed the issuance of a limited order of protection in favor of the subject children against the [*2]father must be dismissed as academic, because that portion of the order of fact-finding and disposition has expired by its own terms (see Matter of Titus P.E., 213 AD3d 929, 930-931; Matter of Nicholas M., 211 AD3d 950, 951).
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the children. After a fact-finding hearing, the Family Court found that the father neglected the children by, among other things, perpetrating an act of domestic violence upon the mother within the hearing of the children. After a dispositional hearing, the court directed the issuance of a limited order of protection in favor of the children against the father to expire on May 2, 2023. The father appeals.
"'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). "'[A] child's experience of domestic violence can cause these harms or put a child in imminent danger of them'" (Matter of Jaylen S. [Richard S.], 214 AD3d at 885, quoting Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "'Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding'" (Matter of Jaylen S. [Richard S.], 214 AD3d at 885-886, quoting Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945).
Contrary to the father's contention, a preponderance of the admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother within the hearing of the children (see Matter of Jaylen S. [Richard S.], 214 AD3d at 886). The children reported feeling afraid of the father (see Matter of Kaylee S. [Kyle L.S.], 214 AD3d 423, 423). Further, the credible evidence reflects that the parents' arguments frequently turned physical, and that, on one occasion, one of the children attempted to physically separate the parents during a heated argument (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 744).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court