Matter of Cruz W. (Jacki W.) (2023 NY Slip Op 03924)

Matter of Cruz W. (Jacki W.)

2023 NY Slip Op 03924

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-08747
 (Docket No. N-5336-19)

[*1]In the Matter of Cruz W. (Anonymous). Administration for Children's Services, respondent; Jacki W. (Anonymous), appellant.

Lauri Gennusa, Laurelton, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Karin Wolfe of counsel), for respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Diane Pazar of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated October 4, 2022. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated October 7, 2021, made after a fact-finding hearing, determining that the father neglected the subject child, and after a dispositional hearing, directed the father to participate in individual counseling and classes in parenting, batterer's intervention, and anger management, and directed that his parental access with the child be supervised.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by committing acts of domestic violence against the mother in the child's presence. After a fact-finding hearing, the Family Court determined that the father neglected the child. After the parties could not reach an agreement regarding parental access, the court held a dispositional hearing. In an order of disposition dated October 4, 2022, the court, inter alia, ordered the father to participate in individual counseling, to enroll in and complete classes in parenting, batterer's intervention, and anger management, and to have therapeutic supervised parental access with the child. The father appeals.
"Pursuant to Family Court Act § 1012(f), a neglected child is one 'whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care' in, inter alia, 'providing the child with proper supervision or guardianship'" (Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045, quoting Family Ct Act § 1012[f][i][B]; see Nicholson v Scoppetta, 3 NY3d 357, 368). "Courts must evaluate parental behavior objectively: would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing" (Nicholson v Scoppetta, 3 NY3d at 370). "The standard takes into account the special vulnerabilities of the child, even where general physical health is not implicated" (id.).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047).
Here, the petitioner established by a preponderance of the evidence that the father's acts of domestic violence against the mother in the presence of the child caused the child actual emotional harm and an imminent risk of physical harm (see id. at 1047; Matter of Vivian M. [Melinda D.], 179 AD3d 692, 693; Matter of Cerise M. [Michael M.], 177 AD3d 743, 744). Contrary to the father's contention that his actions did not harm the child, actual emotional harm to the child was established, inter alia, by testimony that the child was crying and afraid during and after a domestic violence incident.
"At a dispositional hearing, the court's disposition must be made 'solely on the basis of the best interests of the child,' with 'no presumption that such interests will be promoted by any particular disposition'" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774, quoting Family Ct Act § 631). "'The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955, quoting Matter of William S.L. [Julio A.L.], 195 AD3d 839, 843). Here, the evidence presented at the dispositional hearing supported the Family Court's conclusion that the father should be required to participate in individual counseling and classes in parenting, batterer's intervention, and anger management, and should be permitted only therapeutic supervised parental access with the child.
The father's remaining contentions are without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court