Matter of Skyli V. (Jamol V.--Shanika E.) (2024 NY Slip Op 01015)

Matter of Skyli V. (Jamol V.--Shanika E.)

2024 NY Slip Op 01015

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-04856
 (Docket No. N-9455-22)

[*1]In the Matter of Skyli. (Anonymous). Administration for Children's Services, petitioner-respondent; Jamol V. (Anonymous), appellant, Shaneka E. (Anonymous), respondent-respondent. 

Peter Wilner, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson and Eva L. Jerome of counsel), for petitioner-respondent.
Brooklyn Defender Services, Brooklyn, NY (Eliza Skosnik, Amy Mulzer, and Jessica Marcus of counsel), for respondent-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Melody Glover, J.), dated May 18, 2023. The order of disposition, upon an order of fact-finding of the same court dated April 17, 2023, made after a fact-finding hearing, finding that the father neglected the subject child, released the subject child to the custody of the mother, and placed the father under the supervision of the Administration for Children's Services and imposed certain conditions until November 17, 2023.
ORDERED that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services and imposed certain conditions until November 17, 2023, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding, alleging, inter alia, that the father neglected the subject child. After a fact-finding hearing, the Family Court found that the father neglected the child by perpetrating acts of domestic violence against the mother in close proximity to the child. In an order of disposition dated May 18, 2023, the court, among other things, released the child to the custody of the mother, placed the father under the supervision of ACS until November 17, 2023, and directed the father to complete a batterer's accountability course and comply with the terms of a temporary order of protection that [*2]expired on November 17, 2023. The father appeals.
The appeal from so much of the order of disposition as placed the father under the supervision of ACS and imposed certain conditions until November 17, 2023, must be dismissed as academic, as those portions of the order of disposition expired by their own terms (see Matter of Serenity R. [Truman C.], 215 AD3d 854, 855; Matter of Katherine L. [Adrian L.], 209 AD3d 737, 738). However, because the finding of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding in the order of fact-finding that the father neglected the child is not academic (see Matter of Serenity R. [Truman C.], 215 AD3d at 855; Matter of Katherine L. [Adrian L.], 209 AD3d at 738-739).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by a preponderance of the evidence" (Matter of Abigail M.A. [James A.], 222 AD3d 973, 974 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Katherine L. [Adrian L.], 209 AD3d at 739 [internal quotation marks omitted]; see Matter of Melanie T. [Eric F.], 217 AD3d 872, 873).
"To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Abigail M. A. [James A.], 222 AD3d at 974-975 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i]; Matter of Melanie T. [Eric F.], 217 AD3d at 873). "[A] child's experience of domestic violence can cause these harms or put a child in imminent danger of them" (Matter of Melanie T. [Eric F.], 217 AD3d at 873 [internal quotation marks omitted]; see Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Melanie T. [Eric F.], 217 AD3d at 873 [internal quotation marks omitted]; see Matter of Shalom A. [Codjo A.], 215 AD3d 825, 827).
Where, as here, "the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Shalom A. [Codjo A.], 215 AD3d at 827 [internal quotation marks omitted]; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1100). Here, a preponderance of the credible evidence supported a finding that the father's acts of domestic violence against the mother in close proximity to the child impaired the child's emotional condition and placed the child in imminent danger of physical impairment (see Matter of Cruz W. [Jacki W.], 218 AD3d 782, 783; Matter of Melanie T. [Eric F.], 217 AD3d at 873). Contrary to the father's contention that his actions did not harm the child, actual emotional harm to the child was established by the mother's testimony that when the father was violent towards her, the child reacted by screaming and crying (see Matter of Cruz W. [Jacki W.], 218 AD3d at 783). Moreover, the evidence demonstrated that the father's acts of domestic violence against the mother placed the child at imminent risk of physical harm because the child was either in the same room, next to the mother, or in the mother's arms when the father slapped, pushed, or choked the mother, and in one instance, the child fell from the mother's arms when the father struck the mother (see Matter of Shalom A. [Codjo A.], 215 AD3d at 827; Matter of Skye H. [Tianna S.], 195 AD3d 711, 714).
The father's remaining contentions are either unpreserved for appellate review or without merit.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court