Matter of Jayce W. (Lucinda J.) (2024 NY Slip Op 01016)

Matter of Jayce W. (Lucinda J.)

2024 NY Slip Op 01016

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06737
 (Docket No. N-2318-21)

[*1]In the Matter of Jayce W. (Anonymous). Administration for Children's Services, respondent; Lucinda J. (Anonymous), appellant.

Cheryl Gammone, Staten Island, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson and Diana Lawless of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Richmond County (Karen B. Wolff, J.), dated July 5, 2022. The order of fact-finding, after a hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child by engaging in acts of domestic violence against the father in close proximity to the child. After a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.
"'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885, quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i], 1046[b][i]; Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128). "'Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding'" (Matter of Jaylen S. [Richard S.], 214 AD3d at 885-886, quoting Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). "'The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity'" (Matter of Destiny B. [Anthony R.], 203 AD3d 1042, 1042, quoting Matter of Isabela P. [Jacob P.], 195 AD3d 722, 723 [internal quotation marks omitted]).
Here, the evidence presented during the fact-finding hearing demonstrated that the mother smashed the back window of the father's vehicle with an aluminum bat while the child was on the sidewalk only 10 feet away, causing the glass to shatter, and that in the days leading up to this incident, the mother had threatened the father over the phone and in text messages, including stating, "wait till I catch you." Thus, a fair preponderance of the evidence supports the Family Court's finding that the child's physical, mental, or emotional condition was impaired or in imminent danger of impairment by the mother's commission of an act of domestic violence against the father in close proximity to the child (see Matter of Mirza S.A. [Mirza A.A.], 160 AD3d 715, 716; Matter of Cody W. [Ronald L.], 148 AD3d 914, 916). Furthermore, contrary to the mother's contention, the record supports the court's credibility assessments (see Matter of Melanie T. [Eric F.], 217 AD3d 872, 874; Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629).
The mother's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court