Matter of Xierra N. (Lewis N.) (2024 NY Slip Op 01927)

Matter of Xierra N. (Lewis N.)

2024 NY Slip Op 01927

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-05784
 (Docket No. N-24036-18)

[*1]In the Matter of Xierra N. (Anonymous). Administration for Children's Services, respondent; Lewis N. (Anonymous), appellant. 

Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Hannah J. Sarokin of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated June 14, 2022. The order of fact-finding, after a hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services commenced this proceeding, alleging, inter alia, that the father neglected the subject child. After a fact-finding hearing, the Family Court found that the father neglected the child by perpetrating acts of domestic violence in close proximity to the child. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Roland M. [Manuel M.], ___ AD3d ___, ___, 2024 NY Slip Op 01011, *1 [2d Dept]). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; see Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1099-1100). "Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, 'even absent evidence that they were aware of or emotionally impacted by the [*2]violence'" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012, quoting Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457).
Here, the evidence presented during the fact-finding hearing demonstrated that the father engaged in a physical altercation involving the mother and two other individuals and shot a firearm while the child was left unattended in her stroller on the sidewalk two to three houses away. Thus, a fair preponderance of the evidence supports the Family Court's finding that the child's physical, mental, or emotional condition was impaired or in imminent danger of impairment by the father's commission of an act of domestic violence in close proximity to the child (see Matter of Jayce W. [Lucinda J.], ___ AD3d ___, ___, 2024 NY Slip Op 01016, *1 [2d Dept]; Matter of Najaie C. [Niger C.], 173 AD3d at 1012; Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1094).
The father's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court