Matter of Luna O. (Eneudis T. O.) (2024 NY Slip Op 05803)

Matter of Luna O. (Eneudis T. O.)

2024 NY Slip Op 05803

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-07148
 (Docket No. N-11754-22)

[*1]In the Matter of Luna O. (Anonymous). Administration for Children's Services, respondent; Eneudis T. O. (Anonymous), appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Karin Wolfe of counsel), for respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated July 21, 2023. The order of disposition, upon an order of fact-finding of the same court (Michael R. Milsap, J.) dated June 30, 2023, made after a fact-finding hearing, finding that the father neglected the subject child, and after a dispositional hearing, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In June 2022, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the subject child by misusing drugs and perpetrating an act of domestic violence against the mother in close proximity to the child. After a fact-finding hearing, the Family Court found that the father neglected the child and adjourned the matter for a dispositional hearing. After a dispositional hearing, the court issued an order of disposition dated July 21, 2023, which, among other things, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father appeals.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of Kings County until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired by its [*2]own terms (see Matter of Alisha S. [Carine S.-K.], 223 AD3d 827, 828). However, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected the child is not academic, as the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (see Matter of Hanah A. [Kristy M.], 194 AD3d 922, 923).
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; see Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917). "Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, 'even absent evidence that they were aware of or emotionally impacted by the violence'" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012, quoting Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457).
Here, the evidence presented during the fact-finding hearing demonstrated that the father, while intoxicated and under the influence of ecstasy, perpetrated acts of domestic violence against the mother in close proximity to the child and that there was a history of physical altercations that took place in the presence of the child. Thus, a preponderance of the evidence supports the Family Court's finding that the child's physical, mental, or emotional condition was in imminent danger of impairment by the father's commission of acts of domestic violence in close proximity to the child (see Matter of Xierra N. [Lewis N.], 226 AD3d 790, 791; Matter of Abdul R. [Abdul G.], 225 AD3d 881, 882; Matter of Jermaine T. [Jairam T.], 193 AD3d at 945-946). Although the father denied committing acts of domestic violence against the mother, the court's determination to credit the testimony of the mother and the petitioner's caseworker over the testimony of the father at the fact-finding hearing was supported by the record (see Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915; Matter of Cacique R.O. [Alejandro O.], 196 AD3d 487, 488).
The father's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court