Matter of Saige F. (Christina F.) (2026 NY Slip Op 01785)

Matter of Saige F. (Christina F.)

2026 NY Slip Op 01785

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-00208
2026-01964
 (Docket Nos. N-18767-17, N-18768-17)

[*1]In the Matter of Saige F. (Anonymous). Administration for Children's Services, respondent; Christina F. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Niyah W. (Anonymous). Administration for Children's Services, respondent; Christina F. (Anonymous), et al., appellants. (Proceeding No. 2.)

Christian Myrill, Jamaica, NY, for appellant Christina F.
Daniel M. Bauso, Southampton, NY, for appellant Terrence W.
Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton and Hannah J. Sarokin of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, (1) Terrence W. appeals from an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated December 11, 2023, and (2) the mother appeals from an order of disposition of the same court dated December 12, 2023. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Terrence W. neglected the subject children. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding, finding that the mother neglected the subject children.
ORDERED that the order of fact-finding and the order of disposition are affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected Saige F. and Niyah W. by subjecting them to unnecessary medical treatment. The petitions were thereafter amended to add Terrence W. (hereinafter the father), the father of Niyah W., and a person legally responsible for Saige F., as a respondent, alleging that he had neglected the children since he was aware that the mother was subjecting the children to unnecessary medical treatment and failed to take any action to protect the children, and had committed acts of domestic violence against the mother in the [*2]presence of the children. After a fact-finding hearing, the Family Court found that the mother and the father (hereinafter together the appellants) neglected the children. These appeals ensued.
"'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i][B]; 1046[b][I]).
A preponderance of the credible evidence presented at the fact-finding hearing supported the Family Court's determination that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment as a result of the mother subjecting the children to unnecessary medical treatment in which the father participated or of which he was aware (see Matter of Andrew B., 49 AD3d 638). Contrary to the appellants' contention, the court was not precluded from making a finding of neglect even though it determined there was insufficient evidence to support a finding that the mother suffered from Munchausen Syndrome by Proxy (see id. at 639).
Furthermore, a preponderance of the credible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of acts of domestic violence against the mother in the children's presence (see Matter of Joseph M.H. [Frederick H.], 227 AD3d 996, 996-997). Contrary to the appellants' contention, the children's out-of-court statements were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 119; Matter of Logan P. [Kendell P.], 228 AD3d 867, 869; Matter of Nina P. [Giga P.], 180 AD3d 1047, 1048). The appellants' contention that the Family Court erred in admitting statements made by the children to their mental health providers is unpreserved for appellate review and, in any event, without merit (see Family Ct Act § 1046[a][vii]).
Contrary to the appellants' further contention, the Family Court properly admitted into evidence at the fact-finding hearing transcripts of the testimony of a physician from a prior hearing conducted pursuant to Family Court Act § 1027, as the court determined that the witness was unavailable (see CPLR 4517[3][ii]; see also CPLR 4517[4]; cf. Matter of Louie L.V. [Virzhiniya T.V.], 176 AD3d 1081, 1083).
The appellants' remaining contentions are either unpreserved for appellate review or without merit.
LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court